IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-24301-KMW

KEITH F. BELL, PH.D.,

    Plaintiff,

v.

GERALD ALEXANDER,

    Defendant.

---

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Keith Bell ("Plaintiff") and defendant Gerald Alexander ("Defendant") (collectively, the "Parties") jointly submit this response to the Court's Paperless Order to Show Cause [D.E. 20], and state as follows:

1.    As a threshold matter, the Parties concede that their Joint Scheduling Report was not timely filed in accordance with D.E. 7 and apologize to the Court for such oversight. After the Court pointed out the deficiency, counsel for the Parties immediately engaged in the requisite Rule 26(f)/Local Rule 16.1(b) conference and have now filed their Joint Scheduling Report. See D.E. 21.

2.    Prior to the February 17, 2022 appearance of counsel, Plaintiff was proceeding *pro se* in this lawsuit. That does not excuse the Parties' failure to comply with the Local Rules and/or Orders from this Court as *pro se* parties are expected to know and abide by the rules, but Plaintiff apparently overlooked the requirement in D.E. 7 of submitting the Joint Scheduling Report within 20 days of Defendant filing his response to the Complaint.

3.    On January 25, 2022, Defendant (through counsel) filed a motion to dismiss [D.E.

14] the Complaint. At the time, Defendant erroneously believed that D.E. 7 required submission of a Joint Scheduling Report only after Defendant filed a responsive pleading (rather than a 12(b)(6) motion) and therefore was not aware that the Joint Scheduling Report was actually due.

4. Further, at or shortly before the Joint Scheduling Report was due, counsel for Defendant realized he had irreconcilable differences with his law partner and determined that he needed to move his group to another firm within an extremely short period of time (counsel for Defendant started at a new firm less than one week ago and is in the process of preparing appropriate substitution of counsel documents for the Court.) Counsel for Defendant unequivocally recognizes that this situation does not excuse his obligations to the Court, but amidst the chaos of these events counsel for Defendant improperly interpreted D.E. 7 and did not file the Joint Scheduling Report.

5. Plaintiff is now represented by counsel, and the Parties mutually understand that all rules of the Court must be complied with. Again, the Parties apologize to the Court for not previously complying with D.E. 7, and will make every necessary effort to comply with all Court deadlines/rules moving forward.

Respectfully submitted on March 7, 2022.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>james@copycatlegal.com<br>dan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Daniel DeSouza, Esq.<br>　　Daniel DeSouza, Esq.<br>　　Florida Bar No.: 19291 | LA CAVA JACOBSON & GOODIS<br>501 East Kennedy Boulevard<br>12th Floor<br>Tampa, FL 33602<br>Telephone: (813) 209-9611<br>Gglasser@ljglegal.com<br>jperdomo@ljglegal.com<br><br>*Attorneys for Defendant*<br><br>By: /s/ Gregory S. Glasser, Esq.<br>　　Gregory S. Glasser, Esq.<br>　　Florida Bar No. 14702 |

James D'Loughy, Esq.
Florida Bar No.: 052700

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza